UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

VERONICA MESTIZO,                                  :

                Plaintiff,    :

     - against -                                   :

MICHAEL J. ASTRUE,                                 :
Commissioner of Social Security,
                                  :
                Defendant.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   5/14/2013

REPORT AND
RECOMMENDATION
TO THE HONORABLE
**PAUL G. GARDEPHE**

11 Civ. 4610 (PGG) (FM)

**FRANK MAAS**, United States Magistrate Judge.

      Pro se plaintiff Veronica Mestizo ("Mestizo") brings this action pursuant to Section 405(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), to seek review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") finding her no longer eligible for Supplemental Security Income ("SSI") benefits that she received as a child. (ECF No. 2).[1] The Commissioner has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 20). For the reasons set forth below, the Commissioner's motion should be denied and the case remanded.

---

    [1]     In her form complaint, Mestizo indicates that she is bringing suit "c/o" her mother Guadalupe Mestizo. (Id. at 1). Mestizo has been an adult since 2007, however, and her mother thus is not a proper party to this action. I have modified the caption accordingly.

I.      Background

     A.      Procedural History

In 1996, Mestizo's mother, Guadalupe Mestizo ("Guadalupe"), filed an application for SSI benefits on behalf of Mestizo, who was seven years old at the time. (See R. 178-97).[2] On June 21, 2001, after several years of administrative review, Mestizo was awarded benefits as of October 31, 1996, based on a determination by an administrative law judge ("ALJ") that she was disabled due to hearing loss, asthma, congenital anomalies, and seizures. (Id. at 129-39). The congenital anomalies included "no left lung and atresia of the left auditory canal."[3] (Id. at 137).

In 2007, Mestizo turned eighteen, requiring the Commissioner to determine whether she continued to be eligible for SSI benefits under the adult disability standards. See 42 U.S.C. § 1382c(a)(3)(H)(iii). On November 7, 2007, the Commissioner determined that Mestizo was not disabled under the adult standards, and that decision was affirmed upon reconsideration after a hearing before a state agency disability officer. (R. 15, 21-29, 102-08). Mestizo then requested a hearing before an ALJ. (Id. at 30-32). At that hearing, held before ALJ Jerome Hornblass on June 4, 2009, Mestizo and Guadalupe appeared and testified without counsel. (Id. at 644-60). Although the ALJ

---

    [2]    "R." refers to the certified copy of the administrative record filed by the Commissioner as part of the Answer. (ECF. No. 15).

    [3]    "Atresia" is a term referring to the "[c]ongenital absence of a normal opening." See Stedman's Medical Dictionary 176 (27th ed. 2000).

informed Mestizo of her right to legal representation, she elected to proceed pro se. (Id. at 617). On January 29, 2010, after reviewing the case de novo, ALJ Hornblass issued a decision finding that Mestizo was not disabled under the Act and thus was no longer eligible for SSI benefits. (Id. at 15-20). That ruling became the final decision of the Commissioner on May 26, 2011, after the Appeals Counsel denied Mestizo's request for review. (Id. at 7-9).

### B. The ALJ's Decision

In reaching his conclusion that Mestizo was not disabled under the adult standard, the ALJ applied the usual five-part framework for determining whether a claimant is entitled to SSI benefits. See 20 C.F.R. § 416.924. The ALJ omitted the first step of the sequential analysis, which is permitted under the rules for age-eighteen disability redeterminations. See 20 C.F.R. § 416.987(b).

At Step Two, the ALJ found that Mestizo had the following severe impairments: status post placement of a gastronomy tube, hearing loss, and history of asthma. (R. 17). Although he acknowledged that Mestizo had a history of mild to moderate asthma, which constituted a severe impairment, the ALJ found that she experienced asthma symptoms only once every six months to a year, and had not had an asthma attack or taken any asthma medication for two years. (Id.). From this, the ALJ concluded that Mestizo did not have a severe medically determinable impairment that was associated with her asthma. (Id.). The ALJ further considered whether Mestizo's

3

androgen insensitivity syndrome was a severe impairment. (Id.). Although he acknowledged that the condition prevented her from having children, he concluded that it did not impose any functional limitations on her ability to perform work-related tasks. (Id.). Finally, the ALJ determined that Mestizo did not have any medically determinable psychological impairments that would qualify as a severe impairment. (Id. at 17-18).

At Step Three, the ALJ concluded that "[t]he medical record . . . fails to support a finding that [Mestizo] has an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (Id. at 18).

At Step Four, the ALJ found that Mestizo retained the residual functional capacity ("RFC") to perform a wide range of light work in environments that did not expose her to loud noises. (Id.). The ALJ based this determination on evidence that indicated that Mestizo did not need to use her gastronomy tube to eat, and that she was able to function without using the tube during the day. (Id. at 19). He noted Mestizo's testimony that she had some difficulties with strenuous activity, but found that those symptoms were not credible in light of medical evidence that indicated she was capable of lifting and carrying up to twenty pounds occasionally and ten pounds frequently, standing and walking for up to six out of eight hours, and working for up to six out of eight hours. (Id.). At this step, the ALJ noted Mestizo's hearing loss in her left ear, but found that she could hear effectively during the administrative hearing and that her

symptoms could be improved with hearing aids. (Id.). Thus, the ALJ determined that Mestizo's only documented limitation was that she would be unable to work in areas where she would be exposed to excessively loud noises. (Id.). Because Mestizo had no relevant past work, the ALJ proceeded to the fifth step of the sequential analysis. (Id.).

At Step Five, the ALJ determined that Mestizo was capable of performing work that exists in significant numbers in the national economy. (Id. at 20). The ALJ reached this conclusion based upon Rule 202.16 of the Medical-Vocational Rules set forth in 20 C.F.R. Part 404, Subpart P, Appendix 2 (often referred to as the "Grids"), which mandate a finding of non-disability if a claimant has the RFC to perform the full range of light work. (Id.). He noted that Mestizo could not work in environments where she would be exposed to excessively loud noises, but found that this limitation did not have an effect on his analysis. (Id.). The ALJ therefore concluded that Mestizo was not disabled within the meaning of the Act.

II.  Legal Standards

    A.  Standard of Review

Under Rule 12(c), judgment on the pleadings is appropriate when the material facts are undisputed and a party is entitled to judgment as a matter of law based on the contents of the pleadings. See, e.g., Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988); Carballo ex rel. Cortes v. Apfel, 34 F. Supp. 2d 208, 213-14 (S.D.N.Y. 1999).

The Act, in turn, provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); see Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002); Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996). The term "substantial" does not require that the evidence be overwhelming, but it must be "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

A district court is not permitted to review the Commissioner's decision de novo. Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (citing Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998)); Jones v. Sullivan, 949 F.2d 57, 59 (2d Cir. 1991). Rather, the court's inquiry is limited to ensuring that the Commissioner applied the correct legal standard and that his decision is supported by substantial evidence. See Hickson v. Astrue, No. CV-09-2049 (DLI) (JMA), 2011 WL 1099484, at *2 (E.D.N.Y. Mar. 22, 2011). When the Commissioner's determination is supported by substantial evidence, the decision must be upheld, "even if there also is substantial evidence for the plaintiff's position." Morillo v. Apfel, 150 F. Supp. 2d 540, 545 (S.D.N.Y. 2001).

B.   Disability Redetermination

The term "disability" is defined in the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A). "[W]hether a claimant is disabled or unable to work is a matter reserved for the Commissioner." Rodriguez v. Astrue, No. 02 Civ. 1488 (BSJ) (FM), 2009 WL 1619637, at *16 (S.D.N.Y. May 15, 2009) (citing 20 C.F.R. § 404.1527(e)).

When a claimant who received benefits as a child reaches age eighteen, the Commissioner must redetermine whether the claimant is entitled to continue receiving benefits under the adult disability standard. See 42 U.S.C. § 1382c(a)(3)(H)(iii). Ordinarily, the Commissioner is required to apply the five-step sequential process set forth in 20 C.F.R. § 404.1520 in determining whether an adult claimant is disabled. The Second Circuit has described that familiar process as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience . . . . Assuming the claimant does not have

7

>a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999) (quoting Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982)); accord Burgess v. Astrue, 537 F.3d 117, 120 (2d Cir. 2008). In age-eighteen disability redetermination proceedings, however, the first step of the analysis is omitted. 42 C.F.R. §§ 416.920(b), 416.987(b).

The claimant bears the burden of proof with respect to all but the fifth step of the process. DeChirico v. Callahan, 134 F.3d 1177, 1180 (2d Cir. 1998). If the Commissioner finds that a claimant is disabled (or not disabled) at an early step in the process, he is not required to proceed with any further analysis. 20 C.F.R. § 404.1520(a)(4); Williams v. Apfel, 204 F.3d 48, 49 (2d Cir. 1999). If the analysis reaches the fifth step of the process, the burden shifts to the Commissioner to show that the claimant is capable of performing other work. DeChirico, 134 F.3d at 1180.

In assessing whether a claimant has a disability, the factors to be considered include: "(1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or other[s]; and (4) the claimant's educational background, age, and work experience." Rivera v. Harris, 623 F.2d 212, 216 (2d Cir. 1980) (internal citations omitted).

III.  Analysis

Step Three of the sequential analysis requires the ALJ to evaluate whether the claimant has an impairment or combination of impairments that meets or medically equals any of the Listings set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix"). 20 C.F.R. § 404.1520(a)(4)(iii). At this step, the ALJ concluded without elaboration that:

> The medical record, as evaluated by the undersigned and State agency physicians and/or mental health experts, fails to support a finding that [Mestizo] has an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Based on such assessment and an independent review of the record by the undersigned, the undersigned concludes that [Mestizo's] impairments do not meet or medically equal the severity of any listed impairment.

(R. 18).

Beyond these two perfunctory sentences, however, the ALJ did not explain his rationale or provide any reasons for finding that Mestizo's impairments did not meet or equal the Listings. Indeed, the ALJ failed to identify a single Listing potentially applicable to Mestizo's impairments or cite any medical or other evidence supportive of his determination. The difficulty with this kind of skeletal analysis is that it makes it impossible to evaluate whether the ALJ's determinations were supported by substantial evidence and, thus, frustrates proper review of the Commissioner's decision. See Velazquez v. Barnhart, No. 3:02CV1264 (MRK), 2004 WL 367614, at *7 (D. Conn. Feb.

9

19, 2004) ("The ALJ's failure to provide reasons for his [findings at Step Three] leave[s] this Court unable to determine whether his conclusion that Plaintiff's condition does not meet any listing is supported by substantial evidence"); Torres v. Commissioner of Social Sec., 279 F. App'x 149, 152 (3d Cir. 2008) ("no way to review" ALJ's decision where "no reasons were given for his conclusion that [claimant's] impairments in combination did not meet or equal an Appendix 1 listing").

Other circuits have held emphatically that a "boilerplate finding," such as the one in this case, "is insufficient to support a conclusion that a claimant's impairment does not [meet or equal one of the Listings]." Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001); see also Scott v. Barnhart, 297 F.3d 589, 786 (7th Cir. 2002) (ALJ's conclusory finding that "none of [claimant's] impairments meet the requirements of an impairment listed in [the Appendix]" was "devoid of any analysis that would enable meaningful judicial review"). Courts in this Circuit similarly have held that an ALJ's decision that "merely states the conclusion that the medical evidence presented 'neither met nor medically equaled' the listings" is insufficient. Ramos v. Barnhart, No. 02 Civ. 3127 (LAP) (GWG), 2003 WL 21032012, at *9 (S.D.N.Y. May 6, 2003) (Report & Rec.) (collecting cases).

When it is possible to "look to other portions of the ALJ's decision and to clearly credible evidence" as a basis for finding that an ALJ's determination is supported by substantial evidence, a court may uphold an ALJ's Step Three determination even

10

though the ALJ fails to fully explain the reasons for rejecting a claimant's impairment as meeting or equaling a listed impairment. Berry v. Schweiker, 675 F.2d 464, 468 (2d Cir. 1982). In such cases, however, the court must be "able to 'reasonably infer' the particular criteria the ALJ found lacking." Norman v. Astrue, ___ F. Supp. 2d ___, No. 10 Civ. 5839 (ALC) (HBP), 2012 WL 4378042, at *3 (S.D.N.Y. Sep. 25, 2012) (citing Berry, 675 F.2d at 468-69). Unfortunately, the remainder of the ALJ's decision here does not provide sufficient clues for the Court to divine the Listings, if any, that he might have considered or his reasons for finding them inapplicable, let alone determine that there is substantial evidence supporting his ultimate conclusion. See id. at 3 (remanding where it was "unclear from the ALJ's decision which criteria of Listing 1.04A, which is the relevant listing for spinal disorders, the plaintiff failed to meet – or, for that matter, whether the ALJ even applied Listing 1.04A to the plaintiff's impairments"); Ramos, 2003 WL 21032012, at *10 (remanding where "the ALJ failed to set forth any rationale in support of his finding that [the claimant's] impairment failed to satisfy the listings, let alone a 'sufficient' one"). This analysis is especially important in this case since the Commissioner's disability determination prior to Mestizo reaching age eighteen turned on her having impairments that satisfied the criteria of certain of the Listings. (See R. 138).

       Although the ALJ's finding that Mestizo is not disabled may well prove correct, a claimant is entitled to a reasoned explanation as to why her conditions do not meet the disability standards set forth in the Act. The ALJ's failure to articulate any basis

11

at all for his conclusions at Step Three not only makes it difficult for the Court to determine whether his decision was supported by substantial evidence, but also deprives Mestizo of the rationale a claimant is owed when the Commissioner denies an application for benefits. Remand therefore is appropriate. See VanHorn v. Astrue, No. 10-CV-1023 (GLS/VEB), 2012 WL 1415415, at *5 (N.D.N.Y. Apr. 24, 2012) (Report & Rec.) (ALJ's mere recital of the requirements of a relevant Listing and general reference to "the evidence" warranted remand); Estrada ex rel. E.E. v. Astrue, No. 08-CV-3827, 2010 WL 3924686, at *5 (E.D.N.Y. Sep. 29, 2010) (remand appropriate where ALJ failed to provide a rationale for the conclusion that plaintiff's impairments did not meet or equal the Listing criteria); Hendricks v. Commissioner of Social Sec., 452 F. Supp. 2d 194, 198 (W.D.N.Y. 2006) (ALJ's decision not supported by substantial evidence because the ALJ failed to discuss the basis for finding that plaintiff's impairments did not meet or equal a Listing).

On remand, the ALJ should identify the Listings he considered and provide an explanation with reference to the evidentiary record that supports his findings. Only in this manner will the Court be able to perform its function of appellate review. See Scott, 297 F.3d at 595-96 (failure to discuss applicable listings makes it impossible for the reviewing court to "assess the validity of the agency's ultimate findings" and denies the claimant "meaningful judicial review").

IV. <u>Conclusion</u>

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings, (ECF No. 15), should be denied and the case remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation.[4]

V. <u>Notice of Procedure for Filing of Objections to this Report and Recommendation</u>

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. <u>See also</u> Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul G. Gardephe and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Gardephe. The failure to file these timely objections will result in a waiver of

---

[4] As the Supreme Court has noted, the Act authorizes two types of remands: remands pursuant to the fourth sentence of Section 405(g) and remands pursuant to the sixth sentence of that statute. <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 97-98 (1991). Sentence six remands apply when new evidence has come to light after the administrative hearing that might change the result. <u>Id.</u> at 98. In all other circumstances, the remand is pursuant to sentence four. <u>Id.</u> In a sentence four remand the Court enters judgment and does not retain jurisdiction over the matter. <u>Id.</u> at 99.

those objections for purposes of appeal.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

Dated:     New York, New York
           May 14, 2013

                                            _____
                                            FRANK MAAS
                                            United States Magistrate Judge

Copies to:

Honorable Paul G. Gardephe (via hand delivery)
United States District Judge

Veronica Mestizo (via United States mail)
544 Academy Street
Apt. # AA1
New York, New York 10034

John E. Gura, Jr. (via ECF)
United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York , New York 10007