UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 26, 2013
```

VERONICA MESTIZO,

                    Plaintiff,

          - against -

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

### ORDER

11 Civ. 4610 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Pro se Plaintiff Veronica Mestizo filed this action on June 30, 2011, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the Commissioner of Social Security's finding that she is no longer eligible for Supplemental Security Income ("SSI") benefits. (Dkt. No. 2) On July 28, 2011, this Court referred this action to Magistrate Judge Frank Maas. (Dkt. No. 7)

On May 16, 2012, the Commissioner moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. No. 20) On May 14, 2013, Judge Maas issued a Report and Recommendation ("R&R") recommending that the Court deny the Commissioner's motion and remand the case for further administrative proceedings. (Dkt. No. 22) On June 18, 2013, the Commissioner filed an objection to the R&R. (Dkt. No. 24) For the reasons stated below, the Court declines to adopt the Magistrate Judge's Recommendation, upholds the Commissioner's objection, and grants the Commissioner's motion for judgment on the pleadings.

## BACKGROUND

On October 31, 1996, Plaintiff's mother filed an application for SSI benefits on behalf of Plaintiff, who was then seven years old.  (See R&R at 2 (citing R. 178-97))[1]  On June 21, 2001, after several years of administrative review, an administrative law judge ("ALJ") determined that Plaintiff was disabled as a result of hearing loss, asthma, congenital abnormalities, and seizures.  (See R&R at 2 (citing R. 129-39))

In 2007, Plaintiff turned eighteen years old, requiring the Commissioner to determine whether she remained eligible for SSI benefits under the adult disability standards.  (R&R at 2 (citing 42 U.S.C. § 1382c(a)(3)(H)(iii))  On November 7, 2007, the Commissioner determined that Plaintiff was not disabled under the adult standards.  That decision was affirmed after a hearing before a state agency disability officer.  (R&R at 2 citing R. 15, 21-29, 102-08))  On May 20, 2008, Plaintiff requested a hearing before an ALJ (R&R at 2 (citing R. 30-32); see also R. at 15), and on June 4, 2009, a hearing was held before ALJ Jerome Hornblass.  (R&R at 2 (citing R. 644-60))  Plaintiff was informed of her right to representation, but she and her mother chose to appear and testify without the assistance of counsel.  (R&R at 2-3 (citing R. at 617); see also R. at 15)

On January 29, 2010, after conducting a de novo review, the ALJ issued a decision finding that Plaintiff was no longer disabled as of November 7, 2007, and was therefore no longer eligible for SSI benefits.  (See R&R at 3 (citing R. at 15-20))  On May 26, 2011, the SSA Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision.  (R&R at 3 (citing R. at 7-9))

---

[1]  "R." refers to the administrative record.

Plaintiff filed this action on June 30, 2011, seeking review of the Commissioner's decision that she is no longer entitled to SSI benefits.  (Dkt. No. 2)  On July 28, 2011, this Court referred this action to Magistrate Judge Maas.  (Dkt. No. 7)  On May 16, 2012, the Commissioner moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  (Dkt. No. 20)  Plaintiff did not file any opposition.

On May 14, 2013, Judge Maas issued an R&R recommending that the Court deny the Commissioner's motion and remand this case for further administrative proceedings.  (Dkt. No. 22)  Judge Maas recommends a remand because, at step three of the five-part disability analysis, "the ALJ did not explain his rationale or provide any reasons for finding that [Plaintiff's] impairments did not meet or equal the Listing[] [of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1]," and therefore "it [is] impossible to evaluate whether the ALJ's determinations were supported by substantial evidence. . . ."  (R&R at 9)

On June 18, 2013, the Commissioner filed an objection to Judge Maas's R&R.[2] (Dkt. No. 24)  The Commissioner argues that a remand is not warranted because the ALJ's conclusions are supported by substantial record evidence, even though he did not provide an express rationale for his finding that Plaintiff does not have a disability set forth in the Listing of Impairments.  Plaintiff has not filed any objections to Judge Maas's R&R, nor has she responded to the Commissioner's objection.

---

[2]  Although 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) provide for a fourteen-day period to file written objections, the Court granted the Commissioner an extension of time until June 18, 2013.  (Dkt. No. 23)

## DISCUSSION

## I.      LEGAL STANDARD

### A.      Disability Determination

A claimant has the burden of proving that she is disabled.  20 C.F.R. § 416.912(a)

("In general, you have to prove to us that you are blind or disabled.").  "This means that [the

claimant] must furnish medical and other evidence that [the Commissioner] can use to reach

conclusions about [the claimant's] medical impairment(s)."  Id.  The claimant "must provide

medical evidence showing that [she] ha[s] an impairment(s) and how severe it is during the time

[she] say[s] that [she is] disabled.  Id. § 416.912(c) (emphasis added).  If the claimant fails to

provide evidence, a determination as to whether she is disabled will be "based on the information

available."  Id. § 416.916.

A claimant is disabled and therefore entitled to SSI benefits if she "is unable to

engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than twelve months."  42 U.S.C. §

1382c(a)(3)(A); see also 20 C.F.R. § 416.905(a) (basic definition of disability for adults).  A

five-part sequential analysis is conducted to determine whether a claimant is disabled.  See 20

C.F.R. § 416.920(a)(4).

The Second Circuit has described this analysis as follows:

> "First, the [Commissioner] considers whether the claimant is currently engaged in
> substantial gainful activity.  If he is not, the [Commissioner] next considers
> whether the claimant has a 'severe impairment' which significantly limits his
> physical or mental ability to do basic work activities.  If the claimant suffers such
> an impairment, the third inquiry is whether, based solely on medical evidence, the
> claimant has an impairment which is listed in Appendix 1 of the regulations.  If
> the claimant has such an impairment, the [Commissioner] will consider him
> disabled without considering vocational factors such as age, education, and work

4

> experience. . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform."

Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999) (quoting Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam)).

When a minor claimant who has been found eligible for benefits reaches the age of eighteen, the Commissioner is required to "redetermine . . . eligibility . . . by applying the criteria used in determining initial eligibility for individuals who are age 18 or older."  42 U.S.C. § 1382c(a)(3)(H)(iii); see also 20 C.F.R. § 404.1520, pt. 404, subpt. P, app. 1, pt. A (criteria applicable to individuals age eighteen and over).  The first step of the five-part analysis is omitted, however, when evaluating the continued eligibility of a claimant who has turned eighteen years old.  See 20 C.F.R. § 416.987(b).  In connection with the eligibility redetermination, the claimant has "the right to submit medical and other evidence for [the Commissioner's] consideration."  20 C.F.R. § 416.987(d)(v).

In assessing whether a claimant has a disability, the factors to be considered include:  "'(1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or other[s]; and (4) the claimant's educational background, age, and work experience.'"  Alcantara v. Astrue, 667 F. Supp. 2d 262, 274 (S.D.N.Y. 2009) (quoting Rivera v. Harris, 623 F.2d 212, 216 (2d Cir. 1980)).  The claimant bears the burden of proof with respect to all but the fifth step of the five-step process for determining eligibility for benefits.  See Butts v. Barnhart, 388 F.3d 377, 383 (2d Cir. 2004).  "If the claimant satisfies her burden of proving the requirements in the first four steps, the burden then shifts to the [Commissioner] to prove in the fifth step that the claimant is capable of working."  Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996).

"When a claimant seeks review of a Social Security hearing regarding disability benefits, the court's function is not to determine whether the appellant is disabled." Sava v. Astrue, No. 06 Civ. 3386 (KMK) (GAY), 2010 WL 3219311, at *1 (S.D.N.Y. Aug. 12, 2010) (citing Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998)). A district court reviewing a denial of Social Security benefits will "set aside [an] ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." Rosa, 168 F.3d at 77. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (internal quotation omitted).

### B. Standard Applicable to Rule 12(c) Motion and to Review of Magistrate Judge's Report and Recommendation

In deciding a motion brought under Fed. R. Civ. P. 12(c), courts apply the same standard applicable to a motion to dismiss under Rule 12(b)(6). Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).

In evaluating a Magistrate Judge's R&R, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to a magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; Razo v. Astrue, No. 04 Civ. 1348 (PAC) (DF), 2008 WL 2971670, at *3 (S.D.N.Y. July 31, 2008) (citing Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991)). However, "the phrase

de novo determination in section 636(b)(1), as opposed to de novo hearing, was selected by

Congress 'to permit whatever reliance a district judge, in the exercise of sound judicial

discretion, cho[oses] to place on a magistrate's proposed findings and recommendations.'"

Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989) (quoting United States v. Raddatz, 447 U.S.

667, 676 (1980) (emphasis in original)).

## II.     THE ALJ'S DECISION

The ALJ applied the analytical framework set forth above in determining that

Plaintiff is not entitled to SSI benefits.  (R. at 16-20 (citing 20 C.F.R. § 416.920); see also R&R

at 3)

The ALJ found at step two of the analysis that since November 7, 2007, Plaintiff

has had severe, medically determinable impairments due to hearing loss and use of a feeding

tube.  (R. at 17-18 (citing 20 C.F.R. § 416.920(c)); see also R&R at 3-4)  The ALJ found that

none of Plaintiff's other conditions rose to the level of a severe impairment.  (R. at 17-18; see

also R&R at 3-4)

The ALJ noted that while Plaintiff has "a history of mild to moderate asthma,"

"the medical and other credible evidence of record fails to support a finding that the claimant has

a severe medically determinable impairment associated with asthma . . . ."  (R. at 17)  Plaintiff's

mother testified at the hearing that Plaintiff "hardly ever get[s asthma] now," and suffers attacks

"once a year" or "[m]aybe ever[y] six months."  (R. at 648)  Furthermore, a report from

Plaintiff's treating physician states that Plaintiff "has been off all medications and has not had

asthma attacks in the past 2 years."  (R. at 118)

The ALJ also noted that Plaintiff has "androgen insensitivity syndrome which

prevents her from having children . . . [but found that this condition] does not impose any

functional limitations on [her] ability to perform work-related activities."  (R. at 17; <u>see</u> <u>also</u> R.

at 118 (treating physician's report noting insensitivity syndrome, but not listing any resulting

impairment other than inability to bear children))  The ALJ further determined that "[t]here is no

basis to find that [Plaintiff] has a medically determinable psychological impairment."  (R. at 17;

<u>see</u> <u>also</u> R. at 118 (treating physician report stating that Plaintiff has not seen a psychiatrist in

approximately six years))

At step three of the analysis, the ALJ found that

> [t]he medical record, as evaluated by the undersigned and State agency physicians
> and/or mental health experts, fails to support a finding that the claimant has an
> impairment or combination of impairments that meet or medically equal one of
> the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  Based on
> such assessment and an independent review of the record by the undersigned, the
> undersigned concluded that the claimant's impairments do not meet or medically
> equal the severity of any listed impairment.

(R. at 18 (citing 20 C.F.R. §§ 416.920(d), 416.925, 416.926); <u>see</u> <u>also</u> R&R at 4, 9)

At step four of the analysis, the ALJ determined that Plaintiff has no relevant past

work.  (R. at 19)

Finally, at step five of the analysis – with respect to Plaintiff's residual functional

capacity to perform work – the ALJ found that Plaintiff:  (1) was able to eat and function

throughout the day without the use of a feeding tube; (2) had difficulty performing strenuous

work, but was able to perform light work and the activities of daily living; and (3) had some loss

of hearing, but that that condition was susceptible to improvement through the use of a hearing

aid and, in any event, did not prevent her from hearing normal speech, including the proceedings

before the ALJ.  (R. at 19; <u>see</u> <u>also</u> R&R at 4-5)  The ALJ concluded that "since November 7,

2007, [Plaintiff] has had the residual functional capacity to perform light work as defined in 20

CFR 416.967(b) except for an inability to work in areas with very loud noises."[3]  (R. at 18; see also R&R at 4)  The ALJ further concluded that Plaintiff was not disabled because "there are jobs that exist in significant number in the national economy that [she] can perform," namely "unskilled light work" "performed in areas where workers would not be exposed to excessively loud noises."  (R. at 20 (citing 20 C.F.R. §§ 416.969, 416.969(a)); see also R&R at 5)

## III.   THE MAGISTRATE JUDGE'S R&R

          In his R&R, Judge Maas concludes that a remand is necessary because the ALJ – at step three of the analysis – does not provide a rationale for his finding that Plaintiff does not have an impairment or combination of impairments that meets or is medically equal to one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  In support of his finding, Judge Maas notes that the ALJ "failed to identify a single Listing potentially applicable to

---

[3]  Under the applicable Social Security Administration regulations,

> [l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities.  If someone can do light work, [the Commissioner] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b).  The regulations also provide that

> [s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a).

[Plaintiff's] impairments or cite any medical or other evidence supportive of his determination."

(R&R at 9)  Judge Maas also concludes that "the remainder of the ALJ's decision . . . does not

provide sufficient clues for the Court to divine the Listings, if any, that [the ALJ] might have

considered or his reasons for finding them inapplicable, let alone [a basis for the Court to]

determine that there is substantial evidence supporting his ultimate conclusion."  (R&R at 11)

## IV.   ANALYSIS

"In general, an ALJ's determination must contain a sufficient explanation of his

reasoning to permit the reviewing court to judge the adequacy of his conclusions."  Sava, 2010

WL 3219311, at *3 (internal quotation omitted).  However, "the absence of an express rationale

does not prevent [a court] from upholding the ALJ's determination regarding [a claimant's]

claimed listed impairments [if] portions of the ALJ's decision and the evidence before him

indicate that his conclusion was supported by substantial evidence."  Berry, 675 F.2d at 468.  If

the court is "unable to fathom the ALJ's rationale in relation to evidence in the record, especially

where credibility determinations and inference drawing is required of the ALJ[,] . . . [the court

should] not hesitate to remand the case for further findings or a clearer explanation for the

decision."  Id. at 469.

At step three of the analysis, an ALJ must determine "whether, based solely on

medical evidence, the claimant has an impairment which is listed in [Part 404, Subpart P,]

Appendix 1 of the regulations."  Id. at 467.  In determining whether the claimant has a listed

impairment, the ALJ must consider any severe, medically-determinable, work-limiting

impairment that the ALJ has found – at step two – that the claimant suffers from.  See Shaw v.

Chater, 221 F.3d 126, 132 (2d Cir. 2000) (listing five-step, sequential framework).  Here, the

ALJ determined that Plaintiff had severe, medically-determinable work-limiting impairments

related to loss of hearing and her use of a feeding tube.  (R. at 17)  Although the ALJ also addressed Plaintiff's history of asthma, androgen sensitivity syndrome, and psychological condition, the ALJ found that none of these conditions rose to the level of a severe medically-determinable impairment.  (R. at 17-18)  Accordingly, only Plaintiff's digestive and hearing impairments are relevant to the step three analysis.

For hearing loss that is not treated with a cochlear implantation to qualify as a listed disability, the claimant must demonstrate that she has "[a]n average air conduction hearing threshold of 90 decibels or greater in the better ear and an average bone conduction hearing threshold of 60 decibels or greater in the better ear," or "[a] word recognition score of 40 percent or less in the better ear determined using a standardized list of phonetically balanced monosyllabic words."  20 C.F.R. § 404.1520, pt. 404, subpt. P, app. 1, § 2.10.

Here, the ALJ did not reference this specific listed impairment nor did he directly apply this standard.  However, in another portion of his decision, the ALJ found that (1) Plaintiff's hearing loss could be ameliorated through the use of a hearing aid, and (2) in any event, she was able to hear the proceedings before him.  (R. at 19; see also R. at 650, 658 (Plaintiff's testimony that she has trouble hearing people "[i]f they're too far [away]"))

The only hearing-related medical report in the record for the time period after Plaintiff turned eighteen years old is a report from her treating physician stating that Plaintiff "appears to be able to hear adequately on a 1 on 1 basis."  (R. at 119)  The treating physician reports that Plaintiff "uses hearing aids in school but attempts to get her to use them at other times have . . . been unsuccessful."[4]  (Id.)  At the hearing before the ALJ, Plaintiff testified that

---

[4]  Plaintiff graduated from high school in June 2008.  (R. at 650-51)

she had hearing loss in her left ear, but acknowledged that she could hear the ALJ's questions. (R. at 652)

Medical records from Plaintiff's childhood indicate that she has moderate hearing loss in her left ear, and has mild hearing loss and "borderline normal" hearing in her right ear. (R. at 253, 364, 366)  An audiological evaluation conducted in May 1996 – when claimant was seven years old – indicates that claimant would benefit from a hearing aid.  The audiologist opined at that time that claimant "will do well in most optimal listening environments, but is expected to have increased difficulty in difficult listening situations, such as in the presence of background noise, and when she is at a distance from the speaker."  (R. at 366)

Based on this record, and Plaintiff's failure to offer medical evidence demonstrating a significant hearing problem post-age eighteen, it is a fair inference that the ALJ determined that Plaintiff had not met her burden of establishing that she suffers from a listed impairment relating to hearing loss.

With regard to Plaintiff's need for a feeding tube, the Listing of Impairments states that a claimant is disabled if she has "[w]eight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period."  20 C.F.R. § 404.1520, pt. 404, subpt. P, app. 1, § 5.08.  Once again, the ALJ did not reference this specific listed impairment nor did he directly apply the standard set forth in this listing.  The ALJ found, however, that Plaintiff does not use the feeding tube during the day; that she is able to eat rice, chicken, and pizza; and that her height/weight ratio does not indicate that she suffers from malnutrition.  (R. at 18-19; see also R. at 650-51, 653 (Plaintiff's testimony at hearing indicating that she does not use the feeding tube during the day, is able to eat rice, chicken and pizza, and

eats lunch and dinner with her family))  The only medical report in the record for the time period

after Plaintiff turned eighteen years old states that "[t]here is no organic reason for [Plaintiff] not

to eat[;] she just says she is not hungry."  (R. at 118 (treating physician's report))

Plaintiff offered no medical evidence demonstrating that she suffers from a

digestive disorder consistent with the impairment set forth in the Listing.  Even if Plaintiff could

meet her burden of proof with regard to the BMI calculations, she has not shown that any weight

loss was "due to a digestive disorder despite continuing treatment as prescribed."  Given this

record, it is a fair inference that the ALJ determined that Plaintiff had not met her burden of

establishing that she suffers from a listed impairment related to a digestive disorder.

Because "portions of the ALJ's decision and the evidence before him indicate that

his conclusion [that Plaintiff did not suffer from any listed impairment] was supported by

substantial evidence," Berry, 675 F.2d at 468, there is no basis for this Court to disturb the ALJ's

step three finding.  See Rosa, 168 F.3d at 77.  Accordingly, this Court will not adopt the

Magistrate Judge's recommendation that this case be remanded for further administrative

proceedings.  See Sava, 2010 WL 3219311, at *4 (declining to adopt magistrate judge's

recommendation that case be remanded where, "though the ALJ did not give an express

rationale, there is sufficient uncontradicted evidence in the record to provide substantial evidence

for the conclusion that Plaintiff failed to meet step three"); Collins v. Astrue, 10 Civ. 00718

(A)(M), 2012 WL 2573264, at *9 (W.D.N.Y. May 11, 2012) report and recommendation

adopted, 2012 WL 2573261 (W.D.N.Y. June 29, 2012) ("Although [the] ALJ . . . might have

better articulated his rationale for finding that plaintiff did not meet the [relevant] Listing, this is

not a case in which [the court is] "unable to fathom the ALJ's rationale in relation to evidence in

the record"); Comerota v. Astrue, 07 Civ. 0175 (LEK), 2011 WL 940306, at *15 (N.D.N.Y. Mar.

16, 2011) ("Nor does the fact that the ALJ did not provide an express rationale for why Plaintiff does not meet the Listing for a personal disorder provide a basis [for] reversal or remand.").

This Court further holds that the ALJ's remaining findings concerning Plaintiff's residual functional capacity are supported by substantial evidence.  The ALJ concluded that Plaintiff was not disabled because "there are jobs that exist in significant number in the national economy that [she] can perform," namely "unskilled light work" "performed in areas where workers would not be exposed to excessively loud noises."  (R. at 20 (citing 20 C.F.R. §§ 416.969, 416.969(a)); see also R&R at 5)

The testimony at the hearing indicates that Plaintiff graduated from high school, can walk up to six or eight blocks, can walk up and down stairs without difficulty, takes public transportation, goes shopping, and dresses and bathes herself.  (R. at 650-51, 653, 655-56, 658-59)  Her treating physician notes that Plaintiff "has not had any restrictions on her physical activity."  (R. at 118)  For the reasons stated above, Plaintiff's loss of hearing and digestive disorder do not render her incapable of performing light or sedentary work[5] in a setting where she would not be exposed to very loud noises.  The Court concludes that the ALJ's decision that Plaintiff is able to perform light or sedentary work is supported by substantial evidence.

---

[5]  Absent special circumstances, a determination that a claimant can perform light work also means that the claimant can perform sedentary work.  20 CFR § 416.967(b).

## CONCLUSION

For the reasons stated above, the Magistrate Judge's Recommendation that this case be remanded is rejected, the Commissioner's objection is upheld, and the Commissioner's motion for judgment on the pleadings is granted.

The Clerk of the Court is directed to (1) terminate the motion (Dkt. No. 20); (2) mail a copy of this Order via certified mail to pro se Plaintiff Veronica Mestizo, 544 Academy Street Apt. # AA1, New York, NY 10034; and (3) close this case.

Dated: New York, New York
       July 25, 2013

SO ORDERED.

Paul G. Gardephe
United States District Judge